UNITED STATES COURT OF INTERNATIONAL TRADE

```
------------------------------------------------------------------- X
ME GLOBAL, INC.                                      :
                                                     :
        Plaintiff,                                   :
                                                     :
        v.                                           :
                                                     :
THE UNITED STATES,                                   :
                                                     :
DONALD J. TRUMP,                                     :
President of the United States,                      :
                                                     :
ROBERT E. LIGHTHIZER,                                :     No. 20-cv-001300
United States Trade Representative,                  :
                                                     :
WILBUR L. ROSS                                       :
Secretary of Commerce,                               :
                                                     :
        and                                          :
                                                     :
MARK A. MORGAN                                       :
Acting Commissioner, U.S. Customs and Border         :
Protection,                                          :
                                                     :
        Defendants.                                  :
------------------------------------------------------------------- X
```

## COMPLAINT

Plaintiff, ME GLOBAL, INC., by and through its undersigned counsel, for its Complaint in this matter against Defendant, the UNITED STATES, does hereby state, plead, and allege as follows:

## CAUSE OF ACTION

1. This action challenges as unlawful the assessment of additional duties upon Plaintiff's imported steel products, under claimed authority of Section 232 of the Trade Expansion Act of 1962, as amended, 19 U.S.C. § 1862 ("Section 232"). The unlawful additional tariffs were

imposed pursuant to Presidential Proclamations issued by Defendant Trump, which were adopted and enforced by Defendant Lighthizer and Defendant Morgan.

2. This action also challenges the Constitutionality, under Article I, Section 8 of the U.S. Constitution, and the Fifth Amendment's due process clause the Department of Commerce's constituent Bureau of Industry and Security's ("BIS"), exclusion process of certain steel products from Section 232 tariffs pursuant to BIS' interim final regulation. *See, Requirements for Submissions Requesting Exclusions from the Remedies Instituted in Presidential Proclamations Adjusting Imports of Steel Into the United States and Adjusting Imports of Aluminum Into the United States; and the Filing of Objections to Submitted Exclusion Requests for Steel and Aluminum*, 83 Fed. Reg. 12,106 (March 19, 2018) ("Interim Final Rule"), as resulting in a non-uniform collection of duties throughout the U.S, depriving Plaintiff of a substantive right enumerated in the Constitution.

3. This action also challenges the Department of Commerce's constituent Bureau of Industry and Security's ("BIS"), exclusion process of certain steel products from Section 232 tariffs pursuant to BIS' interim final regulation (*See* Interim Final Rule), as arbitrary and capricious because the exclusion process is contrary to the instructions to "ensure the proper administration of such exclusion." *See* Presidential Proclamation 9705 of March 8, 2018, 83 Fed. Reg. 11635 (March 15, 2018) ("Proclamation 9705").

4. This action also challenges a report of the Secretary of the U.S. Department of Commerce under Section 232 of the Trade Expansion Act of 1962, as amended, 19 U.S.C. § 1862 ("Section 232"), received by the President on January 11, 2018 (the "Commerce Report"), which is in excess of statutory jurisdiction, authority or limitations under Section 232 insofar as it fails to abide by mandatory requirements of Section 232, namely the requirement of timely publication in

the Federal Register as required by 19 U.S.C. § 1862(b)(3)(B), and therefore is not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*. (the "APA").

## JURISDICTION

5. Plaintiffs' cause of action arises under Section 232 of the Trade Expansion Act of 1962, as amended, 19 U.S.C. § 1862, a law of the United States "providing for … tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue," as well as for "administration and enforcement with respect to" such tariffs, duties and fees. 19 U.S.C. §§ 1581(i)(2) and (4), under which tariffs have been untimely and unlawfully imposed. This Court has jurisdiction over this action under 28 U.S.C. § 1581(i)(2) and (4).

6. Plaintiff's cause of action also challenges as unconstitutional the imposition of Section 232 duties on imports of steel under 19 U.S.C. § 1862(c), on goods classified under the same Harmonized Tariff Schedule of the United States ("HTSUS") subheading, as articles which have been granted exclusions by Commerce, as a violation of the Constitution's Uniformity Clause. Thereby, depriving Plaintiff of substantive right enumerated in the Constitution without due process of law.

7. Plaintiff's cause of action also arises under the APA, and is cognizable under 28 U.S.C. § 1581(i)(2) and (4), to the extent it challenges:

    a. The Commerce Report, which is in excess of statutory jurisdiction, authority or limitations under Section 232 insofar as it fails to abide by mandatory requirements of Section 232, namely the requirements of publication in the Federal Register as required by 19 U.S.C. § 1862(b)(3)(B), and therefore is not in accordance with law.

b. BIS's Exclusion Process, which as arbitrary and capricious because the exclusion process is contrary to the instructions to "ensure the proper administration of such exclusion" in Proclamation 9705.

8. Plaintiff's claims are not cognizable under any other subsection of 28 U.S.C. § 1581.

## PARTIES

9. Plaintiff, ME Global, Inc. ("ME Global"), is a corporation organized and existing under the laws of the State of Delaware. At times relevant to this Complaint, ME Global imported into the U.S. certain merchandise which was classified under subheading 7228.40.00, HTSUS, as "Other bars and rods of other alloy steel; Other bars and rods, not further worked than forged," and was assessed with 25% additional tariffs pursuant to Section 232 of the Trade Adjustment Act of 1962, 19 U.S.C. § 1862.

10. Defendant, the United States, is the federal Defendant to which the 25% additional tariffs are being paid.

11. Defendant, Donald J. Trump, is the President of the United States who, after receiving recommendations from the U.S. Department of Commerce, purported to impose tariffs and other import restrictions on imported steel products that are the basis of this action.

12. Defendant, Wilbur L. Ross, is the Secretary of the U.S. Department of Commerce (the "Department" or "Commerce"), who directly supervised the Commerce Report at issue in this case which recommended the imposition of tariffs and other import restrictions on imported steel products, and who directly oversees the Section 232 exclusion process.

13. Defendant, Robert E. Lighthizer, is the U.S. Trade Representative, who is responsible for *inter alia* publishing Subchapter III of Chapter 99, HTSUS.

14. Defendant, Mark A. Morgan, is the Acting Commissioner of U.S. Customs and Border Protection ("Customs" or "CBP"), which is charged with assessment and collection of Customs duties and fees which administers and enforces the Section 232 challenged in this action.

## STANDING

15. Plaintiff has standing to bring this action pursuant to 28 U.S.C. § 2631(i), which states that "[a]ny civil action of which the Court of International Trade has jurisdiction, other than an action specified in subsections (a)-(h), may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5."

16. Plaintiff's action arises under Section 232, 19 U.S.C. § 1862, as the Defendants have acted beyond statutory authority, the Constitution of the United States, and Section 702 of the APA, 5 U.S.C. § 702. Section 702 states that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." In an action under the APA, "the reviewing court shall … (2) hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law … [and] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right … " 5 U.S.C. §§ 706(2)(A), (C).

17. Plaintiff has suffered injury in fact by reason of Defendants' unlawful actions, and has standing to bring this action as a "person" adversely affected or aggrieved by agency action— in this instance the imposition of additional tariffs on steel imports, within the meaning of 5 U.S.C. § 702. Plaintiff is in the zone of interests to be protected or regulated by the statute or constitutional guarantees in question, and is suffering injury caused by the unlawful imposition of Section 232 tariffs on its imported steel products.

**TIMELINESS**

18. An action under 28 U.S.C. § 1581(i) must be commenced within two years after the cause of action first accrues. 28 U.S.C. § 2636(i).

19. Plaintiff has timely commenced this action by concurrently filing a summons and complaint within two years after the cause of action first accrued. The claims asserted by Plaintiff involve all Plaintiff's entries of steel assessed with additional Section 232 duties of 25%, which have liquidated within two years prior to the date of filing. This action is therefore timely filed under 28 U.S.C. § 2636(i).

**STATEMENT OF FACTS**

A. **SECTION 232 PROCESS**

20. Within 270 days of initiating an investigation under Section 232, the Secretary of Commerce is required to submit a report to the President of his/her findings on whether a particular article of commerce is being imported into the U.S. in such quantities or under such circumstances as to threaten to impair the national security. 19 U.S.C. § 1862(b)(3)(A).

21. The term "national security" is not defined in the statute.

22. Section 232 requires that "[a]ny portion of the report submitted by the Secretary under subparagraph (A) which does not contain classified information or proprietary information shall be published in the Federal Register." 19 U.S.C. § 1862(b)(3)(B).

23. Under Section 232(c), the President has 90 days after receiving the Secretary's Report, to determine whether to concur with the findings of the Secretary, and if he/she concurs, to "determine the nature and duration of the action that, in the judgment of the President, must be taken to <u>adjust the imports</u> of the article and its derivatives so that such imports will not threaten to impair the national security." 19 U.S.C. § 1862(c)(1)(A)(ii) (emphasis added).

24. If the President determines to take actions under Section 232, the law requires the President to "determine the nature and duration of the action that, in the judgment of the President, must be taken to adjust the imports of the article," 19 U.S.C. § 1862(c)(1)(A)(ii), within 90 days after receipt of the Secretary of Commerce's report and recommendations. Thereafter, the President "shall implement that action by no later than the date that is 15 days after the day on which the President determines to take action." *Id.* § 1862(c)(1)(B). Accordingly, any actions to adjust imports must be imposed no later than 105 days after receiving the Secretary's report.

25. The statute only authorizes the President to take actions that seek to "<u>adjust the imports</u> of the article and its derivatives so that such imports will not threaten to impair the national security." 19 U.S.C. § 1862(c)(1)(A)(ii) (emphasis added); *see also*, *id.* § 1862(c)(1)(B) (" … <u>take action to adjust imports</u> … ") (emphasis added); *id.* § 1862(c)(3)(ii) ("the President shall take such other actions as the President deems <u>necessary to adjust the imports</u> of such article so that such imports will not threaten to impair the national security.") (emphasis added).

26. Actions taken to "adjust imports" under Section 232 are directed at "safeguarding national security," and are for reasons other than for the raising of revenue. *See* 19 U.S.C. § 1862.

27. On April 20, 2017, the Secretary initiated an investigation under Section 232 regarding steel imports at the direction of Defendant Trump. The investigation was announced in a notice published in the Federal Register. *See* 82 Fed. Reg. 19205 (April 26, 2017).

28. The Commerce Report relating to the steel investigation was received by the President on January 11, 2018. *See* Proclamation 9705 of March 8, 2018.

29. The Commerce Report was not timely published in the Federal Register as required by 19 U.S.C. § 1862(b)(3)(B).

30. The Commerce Report provides the sole authority for the President to take actions to "adjust the imports of the article and its derivatives so that such imports will not threaten to impair the national security." 19 U.S.C. § 1862(c)(1)(A)(ii) (emphasis added).

**B. <u>PRESIDENTIAL PROCLAMATIONS INVOLVING STEEL</u>**

31. On March 8, 2018, President Donald J. Trump imposed 25% *ad valorem* duties on imports of certain steel products into the United States from all countries except Canada and Mexico, under claimed authority of Section 232, with an effective date of March 23, 2018. See Proclamation 9705.

32. In the Annex to Proclamation 9705, the President identified the steel products subject to the additional duty by description and by HTSUS heading and subheading numbers, providing:

> The rates of duty set forth in heading 9903.80.01 apply to all imported products of iron or steel classifiable in the provisions enumerated in this subdivision:
>
> (i) flat-rolled products provided for in headings 7208, 7209, 7210, 7211, 7212, 7225 or 7226;
>
> (ii) <u>bars and rods provided for in headings 7213, 7214, 7215, 7227, or 7228,</u> angles, shapes and sections of 7216 (except subheadings 7216.61.00, 7216.69.00 or 7216.91.00); wire provided for in headings 7217 or 7229; sheet piling provided for in subheading 7301.1 0.00; rails provided for in subheading 7302.1 0; fish-plates and sole plates provided for in subheading 7302.40.00; and other products of iron or steel provided for in subheading 7302.90.00;
>
> (iii) tubes, pipes and hollow profiles provided for in heading 7304, or 7306; tubes and pipes provided for in heading 7305.
>
> (iv) ingots, other primary forms and semi-finished products provided for in heading 7206, 7207 or 7224; and
>
> (v) products of stainless steel provided for in heading 7218, 7219, 7220, 7221, 7222 or 7223.

*See* Proclamation 9705, *Annex To Modify Chapter 99 of the* [*HTSUS*], Note 16(b) (emphasis added).

### C. SECTION 232 EXCLUSION PROCESS

33. According to Proclamation 9705, the Secretary of Commerce recommended to the President that he be permitted "in response to specific requests from affected domestic parties, to exclude from any adopted import restrictions those steel articles for which the Secretary determines there is a lack of sufficient U.S. production capacity of comparable products, or to exclude steel articles from such restrictions … " *Id.* ¶ 4 (emphasis added).

34. In Proclamation 9705, the President ordered that:

> The Secretary, in consultation with the Secretary of State, the Secretary of the Treasury, the Secretary of Defense, the United States Trade Representative (USTR), the Assistant to the President for National Security Affairs, the Assistant to the President for Economic Policy, and such other senior Executive Branch officials as the Secretary deems appropriate, is hereby authorized to <u>provide relief</u> from the additional duties set forth in clause 2 of this proclamation <u>for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality and is also authorized to provide such relief based upon specific national security considerations</u>. Such relief shall be provided for a steel article only after a request for exclusion is made by a directly affected party located in the United States. If the Secretary determines that a particular steel article should be excluded, the Secretary shall, upon publishing a notice of such determination in the Federal Register, notify Customs and Border Protection (CBP) of the Department of Homeland Security concerning such article so that it will be excluded from the duties described in clause 2 of this proclamation. The Secretary shall consult with CBP to determine whether the HTSUS provisions created by the Annex to this proclamation should be modified in order to ensure the proper administration of such exclusion, and, if so, shall make such modification to the HTSUS through a notice in the Federal Register.

Proclamation 9705, ¶ 3 (emphasis added).

35. The Department then published an Interim Final Rule establishing a process for affected domestic parties to submit requests for exclusions. *See* Interim Final Rule.

36. The Department has explained that the purpose of the exclusion process is:

> [T]o protect downstream manufacturers that rely on products not produced by U.S. domestic industry at this time. The guiding principle is that, <u>if U.S. domestic industry does not or will not produce a given steel or aluminum product of the quality needed by users in the United States, companies that rely on those products will not pay duties on them</u>.

*Submissions of Exclusion Requests and Objections to Submitted Requests for Steel and Aluminum*, 83 Fed. Reg. 46,026, 46,038–39 (Sept. 11, 2018) (emphasis added).

### D. U.S. CONSTITUION ARTICLE 1 SECTION 8

37. Article 1 Section 8 of the U.S. Constitution requires that "all duties, imposts and excises shall be uniform throughout the United States." This part of the Constitution is referred to as the Uniformity Clause.

38. The Uniformity Clause is satisfied when a customs duty "operates with the same force and effect in every place where the subject of it is found." *Edye v. Robertson*, 112 U.S. 580, 594 (1884).

### E. EXCLUSION REQUESTS OF OTHER PARTIES

39. Other parties have been granted eleven (11) exclusion requests by BIS for steel goods of Subheading 7228.40.00. *See* Exhibit A.

40. The Department granted the respective request between September 20, 2019 and June 20, 2020.

### F. ME Global Import Entries

41. Plaintiff ME Global is an importer of steel grinding rods, which are specially designed for use in rod mills, which in turn are employed in mining and mineral extraction operations (the "Grinding Rods" or "Merchandise"). The Grinding Rods are manufactured from long, high-carbon forged alloy steel bars that are hot-rolled at a steel plant in the People's Republic

of China, forged, and cut to particular grinding mill sizes (based on the mining customer's specifications).

42. ME Global has filed a separate, 28 U.S.C. § 1581(a) jurisdiction case to contest the HTSUS classification of the goods in this case as being outside of the tariff headings subject to Section 232 duties. *see* Court No. 19-00179.

43. CBP classified the merchandise in liquidation under subheading 7228.40.00, HTSUS, a provision providing for "other articles of iron or steel." Section 232 duties of 25-percent *ad valorem* apply to Subheading 7228.40.00, HTSUS.

44. This case covers all entries of Plaintiff's imported merchandise that has not liquidated, as a final agency action, during the past two years.

## **COUNT I**

45. Paragraphs 1 through 44 of this Complaint are restated and incorporated by reference as though fully set forth herein.

46. The U.S. Constitution Article I, Section 8 requires the uniformity of customs duties throughout the United States.

47. The granting of exclusion request for products classified under the same HTSUS provision, without the exclusion being available to other importers results in the non-uniform imposition and collection of duties because similar articles were assessed at different duties at different U.S. ports of entry. This is in direct conflict with the constitutional requirement for the uniformity of duties. U.S. Const. Art. I, Sec. 8

48. The deprivation to Plaintiff of this specific right enumerated in the Constitution is a violation of Plaintiff's substantive due process rights under the 5th Amendment. U.S. Const. Amed. V.

## COUNT II

49. Paragraphs 1 through 48 of this Complaint are restated and incorporated by reference as though fully set forth herein.

50. Commerce arbitrarily and capriciously determined that approved exclusion determinations apply only to the requesting individual or organization, contrary to the Presidential Proclamation's instruction "ensure the proper administration of such exclusion." *See* Proclamation 9705, at ¶ (3).

51. Commerce has not granted exclusions for articles "determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality and … based upon specific national security considerations." *Id*. Rather, Commerce has granted exclusions from Section 232 duties to individual requestors that import individual steel articles subject to the duties.

## COUNT III

52. Paragraphs 1 through 51 of this Complaint are restated and incorporated by reference as though fully set forth herein.

53. The Commerce Report is subject to review under the APA, 5 U.S.C. §§ 701-706.

54. The Commerce Report is in excess of statutory jurisdiction, authority or limitations under Section 232 insofar as it was not timely published in the Federal Register as required by 19 U.S.C. § 1862(b)(3)(B), and otherwise fails to abide by mandatory requirements of Section 232, and therefore is not in accordance with law, in violation of the APA.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

55. WHEREFORE, Plaintiffs requests the following relief:

a. An order requiring Defendants to refund all Section 232 duties paid by Plaintiff, together with interest, found by this Court to have been imposed contrary to the U.S. Constitution or in an arbitrary and capricious manner

b. A declaration that the Commerce Report and the Steel Proclamations are contrary to law and therefore invalid and ordering the refund of all Section 232 duties paid by Plaintiff, together with interest;

c. That the Court award Plaintiffs their costs and a reasonable attorney fee under applicable provisions of law; and

d. That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

NEVILLE PETERSON LLP
*Counsel for ME Global, Inc.*

/s/ John M. Peterson
    John M. Peterson
    Richard F. O'Neill
    Patrick B. Klein
    One Exchange Plaza
    55 Broadway, Suite 2602
    New York, NY 10006
    (212) 635-2730
    jpeterson@npwny.com

Dated: July 14, 2020